## Case No. 17,168.

### WARE v. BRADBURY et al.

[3 Sumn. 186.] [1]

Circuit Court, D. Maine. May Term, 1838.

TAX ASSESSORS—CERTIFICATE OF OFFICIAL OATH—MODE OF ASSESSMENT.

1. A memorandum on the books of the town clerk, that certain persons were "sworn to office" as assessors, signed by the clerk, as a justice of the peace, and not as town clerk, is a sufficient certificate of the official oath, according to the requirements of the statutes of Maine.

2. Where a person hands to the assessors a schedule of all his taxable property, in order to be taxed, they must either tender him his oath to the schedule, or tax him according to it. But where the schedule is not presented as complete, then the tax will not be rendered

---

[1] [Reported by Charles Sumner, Esq.]

---

illegal if the assessors tax the party for money at interest, although no such item is contained in the schedule.

This was an action of trespass and false imprisonment. Plea, the general issue.

The cause was tried before Ware, the district judge, at the October term, 1836. The plaintiff, to prove the issue on his part, produced Jos. H. Hill, the deputy jailer for Somerset county, by whom it was proved, that the plaintiff was committed to jail, February 19, 1835, on a warrant from the defendants. He was liberated the same day, on giving the usual bond for the jail liberties. The officer committing him had a tax-bill, which, at the time, was compared with the copy left with the jailer. The defendants justified as assessors of the town of Athens, for the years 1833 and 1834. To prove the legality of the road or highway tax assessed on the plaintiff in 1833, the defendants produced the warrant for the town meeting for 1833, and the records of the town, showing the proceedings of that meeting.

The first objection raised on the part of the plaintiff was, that no certificate was filed of the administration of the oath to the defendants by a justice of the peace; but this objection, on the inspection of the records, was overruled.

The second objection arising on the tax of 1833 was, that the plaintiff, in pursuance of law, handed in to the assessors a schedule of his taxable property in the town of Athens, which was received by the assessors, without requiring the plaintiff to make oath to the same, and that afterwards, without further notice to the plaintiff, and without again calling on the plaintiff, they greatly increased his valuation, by adding thereto a large amount of money at interest. On this point the defendants introduced, as a witness, William Hight, who testified, that he was one of the assessors for the year 1833. That the assessors called on the plaintiff for a list of his taxable property. That [John] Ware had a list, which he handed to the assessors. [Wingate] Bradbury looked at it, and said he expected him to give in an account of his money at interest. Ware gave him to understand he should leave it with the assessors. There was no discussion about the amount of money at interest. One item on his list was stock in trade. He did give a list of taxable property to the assessors. Bradbury, one of the defendants, took the list, which Ware handed. They did not require Ware to make oath to the list. At the time the assessors met to make the assessment they had his list before them.

Lemuel Williams, called by the plaintiff, testified, that he was present with the assessors of 1833, when the plaintiff gave in to the assessors a schedule of taxable property. Ware handed the schedule, and they took it down. Among the items was stock in trade.

The judge, on this point, ruled that the tax of 1833 was not rendered void by increasing

or adding to the valuation of the plaintiff, which was furnished by the plaintiff, under the circumstances of the case.

A verdict was found for defendants. Afterwards a motion was made for a new trial by S. Fessenden, for the plaintiff, who founded his motion upon the foregoing facts.

The cause was afterwards spoken to by Fessenden & Deblois. for plaintiff, and by Mr. Preble. for defendants, at October term, 1837, and again at the present term.

STORY, Circuit Justice. When this cause was formerly spoken to by the counsel, some misapprehension existed, on my part, as to the true state of the facts. It was then supposed by me, that the objection made at the trial was. that all the assessors were not sworn, there being no proof by any certificate that William Hight, one of the assessors, was sworn. It now, however, distinctly appears, from the papers produced to the court. that Hight was at another time regularly sworn, and a certificate thereof was made by the town clerk. The real objection. therefore, is of a more limited character. It appears from the records of the town of Athens. that at a legal meeting of the inhabitants. on the 1st of April, 1833. Wingate Bradbury, William Hight, and Gilman Hall were chosen selectmen of the town for the year 1833; and afterwards it was at the same meeting voted, "That the selectmen be assessors and overseers of the poor." Benjamin F. Greene was then the town clerk, and also a justice of the peace; and he entered upon the records of the town, immediately opposite to the names of the selectmen. "Sworn to office by B. F. Greene. J. Peace. except Deacon Hight"; and immediately below the vote appointing the selectmen to be assessors and overseers, he added, "Sworn to office by B. F. Greene, J. Peace, except Deacon Hight." Now, the objection taken is, that this memorandum on the town records, though signed by the town clerk, as a justice of the peace. is not a sufficient certificate of the official oath taken by Bradbury and Hall. as assessors. according to the requirements of law. We cannot yield to this objection. In our judgment. the certificate is sufficient to establish the fact. that the official oath was duly taken by the assessors; and the form or place in which the certificate was made or recorded cannot be material. This objection is therefore overruled.

The other objection is founded upon a mistaken view of the actual ruling of the district judge at the trial. He has certified that his direction to the jury was in substance as follows: "That if the jury believe that Ware (the plaintiff). handed to the assessors a schedule of his property, as containing his whole property taxable in Athens. they (the assessors). were bound either to tender him his oath to the schedule. or to tax him according to the schedule. But if the jury believed that it was not handed to them (the assessors). as a complete schedule, then the tax was not rendered illegal by taxing him for money at interest, although no such item as that was contained in the schedule delivered to the assessors." This direction seems to me entirely unexceptionable. in point of law, and. indeed, it is precisely what the argument of the learned counsel for the plaintiff supposes to have been required by the circumstances of the case.[2] Motion overruled.

2 [See act of Maine respecting assessment of taxes (2 Laws Me. 1821. c. 116. § 12).]

